## STANFORD, administrator, *v.* CALHOUN.

It was not error to overrule the motion for new trial.

No. 4381. FEBRUARY 25, 1925.

Equitable petition. Before Judge Graham. Montgomery superior court. April 7, 1924.

John C. Calhoun died on June 3, 1921. M. B. Calhoun qualified as his executor. His will contained the following provisions: "I give, devise, and bequeath to my beloved wife, May C. Calhoun, all of the proceeds or income from my place or property, real or personal, for and during her natural life. . . After the death of my beloved wife, May C. Calhoun, I give, devise, and bequeath unto my beloved brother, Marcus B. Calhoun, all of the interest in remainder of my said property, real and personal, to him and his heirs forever." Mrs. Calhoun died on December 8, 1922. A petition was filed by Stanford as administrator upon the estate of Mrs. Calhoun, which, as amended, proceeded for the purpose of compelling M. B. Calhoun to account to petitioner for personal property owned and possessed by Mrs. Calhoun at the time of her death, consisting of household and kitchen furniture, jewelry, etc., alleged to be of the value of $2500, of which M. B. Calhoun is alleged to have taken possession immediately upon her death. The answer of the defendant averred that he had never assented to any of the legacies, "except that he did assent to the devise of the life-estate in the household and kitchen furniture belonging to said estate to the said

Mrs. M. C. Calhoun." Trial of the case resulted in a verdict in favor of the defendant. The plaintiff's motion for new trial, as amended, was overruled, and error is assigned upon that judgment.

The evidence offered by plaintiff was in effect that M. B. Calhoun had disposed of the contents of the home occupied by J. C. Calhoun and Mrs. M. C. Calhoun, except certain articles of the value of $100, which were turned over to petitioner, and that J. C. Calhoun, by statements made during his lifetime concerning a shotgun, recognized that it belonged to Mrs. Calhoun. Plaintiff also introduced the original tax return for 1911, made by J. C. Calhoun on behalf of his wife, and certified copies of returns for the years 1920, 1921, made by J. C. Calhoun on behalf of himself and Mrs. Calhoun, also returns for 1922 made by M. B. Calhoun on behalf of the estate of J. C. Calhoun and Mrs. M. C. Calhoun, showing that the home occupied by Mr. and Mrs. Calhoun and the personalty involved here was returned for taxation in her name. The evidence offered by the defendant was to the effect that the personal property was owned by J. C. Calhoun at the time of his death; that Mrs. Calhoun had no separate estate except the residence, which was paid for by the husband, title being taken in her name; that the gun referred to was bought and paid for by J. C. Calhoun; that he had procured policies of insurance upon the residence and household furniture in his own name, and had referred to the same as being his property; that the liabilities of the estate at the time of the death of J. C. Calhoun were about equal to the assets; that upon the death of Mrs. Calhoun he took possession of the personalty as the property of the estate of J. C. Calhoun; that the proceeds of some of the personalty sued for had been applied in payment of debts of the estate and some distributed among the relatives of J. C. Calhoun, including defendant. The defendant also offered in evidence the will of J. C. Calhoun, and testified that he returned the personalty for taxation in the name of Mrs. Calhoun, because she was liable for the same as life-tenant.

The grounds of the amendment to the motion for new trial are that the court erred: (1) In permitting the defendant to testify "that J. C. Calhoun was in debt eight or ten thousand dollars at the time of his death, there is six to eight thousand dollars in debts outstanding now," over the objection of counsel, "I do not see the use to go into that, because J. C. Calhoun was not involved in

this suit," the court making the following comment: "It is a circumstance illustrating how the tax returns were made; it might illustrate how the tax returns were made; it might illustrate why they were made like they were by M. B. Calhoun; that's all." (2) In failing to exclude the testimony of the defendant: "I have got this old deed that we all made to John C. I know that Mrs. May C. Calhoun did not have any property. She never had any until John C. made that title to her. She did not have any after they came back from Florida. I know how John C. and May C. Calhoun first had a home. When they came back from Florida in 1890, that was the year my father died. In 1891 and 1892 they lived at Lumber City. John C. Calhoun was on the road traveling most of the time. When he quit the road about Christmas time 1892, my brother, Dr. T. L. Calhoun, moved him down there on the place that John C. afterwards acquired—on the Johnson place. When they moved over there they did not have anything, did not have any household and kitchen furniture to amount to anything. They did not have anything to amount to anything at the time my brother died. They were left there on his property, on his place, from 1892 to 1897. She didn't have anything that I ever heard of, and she never worked to get any money, to get any property, that I ever heard of from that time until the time she died," upon' the objection of counsel that "it was too far-fetched, irrelevant, immaterial, and that it illustrated no issue in the case," the court making the following comment: "The only way the testimony is relevant is in so far as it may illustrate whether or not Mrs. J. C. Calhoun had any property; as to how John C. Calhoun acquired his property, that's not material; but showing that Mrs. M. C. Calhoun had no property, any evidence that you have showing that she had no property is a circumstance that the jury might consider in considering whether or not she bought this household furniture." (3) In refusing to exclude the testimony of a witness for defendant, "Mr. Calhoun told me he wanted a policy on his house and furniture," over the objection that "it is an admission in favor of his own [J. C. Calhoun's] title, a self-serving declaration, does not throw any light on any issue in this case, is irrelevant and inadmissible;" the court making the following comment: "I will not admit the policy, but will not exclude the testimony of the witness. You can admit declarations of a person in reference to property they

are in possession of, not for the purpose of showing title, but for the purpose of showing adverse possession.. Now this statement of Mr. Calhoun, if he did make the statement that it was his property, would not be considered by the jury to show that the property actually belonged to Mr. Calhoun. You can not prove title to it by showing that the man in possession said it was his property, but it may be considered by the jury to illustrate whether or not he was in possession of property adverse to any other party. Gentlemen, any statement Mr. Calhoun made with reference to this property in question may be considered by you to show whether or not he was in possession of it himself adverse to anybody else." (4) In charging the jury as follows: "In this State the husband is the head of the family, and when the husband and wife live together all the personal property in the house in which they reside is in the legal possession of the husband as head of the family, and presumptively the title to such property is in the husband. However, this is a rebuttable presumption which may be overcome by proof showing that the title to the property is not in the husband but in the wife," and in failing to charge the law applicable to the case, as plaintiff contends, to wit: "Where the husband and wife live together in a house the title to which is vested in her, then this presumption is rebutted, and the presumption arises that the personal property is in the possession of the wife and not of the husband." ·

A. C. Saffold, I. H. Corbitt, J. Wade Johnson, and Fred M. Harris, for plaintiff.

L. C. Underwood, for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) The abbreviated headnote, in spite of the paucity of words, will be perfectly plain, if not indeed pronouncedly perspicuous, when it is read in connection with the statement of facts. In the course of the trial, all contest, except as to certain personal property, was withdrawn from the consideration of the jury. The sole question was whether these specific articles belonged to John C. Calhoun, the deceased, who had by will devised them in remainder to the defendant, or were the property of Mrs. Calhoun, whose estate was represented by Stanford, as administrator. The evidence authorized the finding returned by the jury upon that issue. Exceptions to the admission of evidence, where such are properly made, are

without merit.  The exception to the charge is without merit.  The verdict was approved by the trial court.  We have no legal reason for disturbing his discretion in refusing another trial.

*Judgment affirmed.  All the Justices concur.*